+

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| TERESA PFAFFLE, | |
|---|---|
| Plaintiff, | Case No: 2:17-CV-0407-TOR |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| BNSF RAILWAY COMPANY, a Delaware corporation, | |
| Defendant. | |

BEFORE THE COURT is Defendant BNSF Railway Company's Motion for Summary Judgment (ECF No. 16). The matter was submitted for consideration with telephonic oral argument. The Court has reviewed the record and files herein, and is fully informed. As discussed below, the Court follows its previous decision in *Abeyta v. BNSF Ry. Co.*, No. 2:17-CV-0350-TOR, 2018 WL 327283 (E.D. Wash. Mar. 14, 2018) and **denies** Defendant's Motion for Summary Judgment (ECF No. 16).

## STANDARD OF REVIEW

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

Only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will to not defeat summary judgment. *Id*. at 252.

## DISCUSSION

Defendant BNSF Railway Company moves the Court to enter summary judgment in its favor based on a statute of limitations defense. ECF No. 16. The issue here is materially identical to two other cases recently addressed by this Court: *Abeyta v. BNSF Ry. Co.*, No. 2:17-CV-0350-TOR, 2018 WL 327283 (E.D. Wash. Mar. 14, 2018) and *Figueroa v. BNSF Ry. Co.*, 275 F. Supp. 3d 1225 (E.D. Wash. 2017). In *Abeyta*, as here, ECF No. 1 ¶ 6, the plaintiff filed suit in Montana state court for complained of injuries, *see* ECF No. 1-3, which, at the time of filing, appeared to be a court having general jurisdiction over the defendant. *Abeyta*, 2018 WL 327283, at *1. After *Daimler AG v. Bauman*, 571 U.S. 117 (2014), was decided, the defendant challenged personal jurisdiction based on *Daimler's* at-home requirement for general jurisdiction, but the court rebuffed the challenge after the Montana Supreme Court decided the case of *Tyrrell v. BNSF Ry. Co.*, 373 P.3d 1, 8, *cert. granted*, 137 S. Ct. 810 (2017), and *rev'd and remanded*, 137 S. Ct. 1549 (2017), where Montana's highest court found *Daimler* did not apply to Federal Employer Liability Act (FELA) actions. *Abeyta*, 2018 WL 327283, at *1; *compare with* ECF No. 1 at ¶¶ 7-11. However, the United States Supreme Court reversed *Tyrell*, finding *Daimler's* general jurisdiction analysis applies to FELA actions. *BNSF Ry. Co. v. Tyrell*, 137 S.Ct 1549 (2017); *compare with* ECF No. 1 at ¶¶ 14-16. Thereafter, the state court dismissed the plaintiff's case without

prejudice for lack of personal jurisdiction and the plaintiff soon after filed suit in Washington, where the underlying events took place. *Abeyta*, at *1; *compare with* ECF No. 1 at ¶ 16. As here, *see* ECF No. 16, the defendant challenged the plaintiff's newly filed suit in Washington based on the three year statute of limitations, which – absent tolling – would have run before the filing of the suit in Washington. *Abeyta*, at *2. This Court applied equitable tolling and found the plaintiff's suit was timely in light of the preceding events. *Id.* at 3-4.

Finding no material difference in the underlying facts, *see* ECF No. 1 at ¶¶ 6-18, the Court finds equitable tolling applies to Plaintiff's claim here for the reasons discussed in *Abeyta*, 2018 WL 327283, as Plaintiff has demonstrated both diligence in filing suit in a timely manner, albeit in the wrong court, and Plaintiff only filed suit in the wrong court as a result of the contemporary view of the law on jurisdiction supported by longstanding **judicial** precedent in Montana – i.e. the external force – even though that judicial precedent was ultimately reversed.[1] As

---

[1] Defendant argues that, even if equitable tolling applies, the statute of limitations began running on November 30, 2017, when notice of the order of dismissal was served because this was the date the "dismissal was fully finalized[,]" so Plaintiff's claim would still be tardy by four days. ECF No. 16 at 20. However, the Court finds the statute of limitations does not restart until the

such, Plaintiff's claim is not barred by the three-year FELA statute of limitations and Defendant's Motion must be **denied**.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** July 17, 2018.



THOMAS O. RICE
Chief United States District Judge

---

time for appeal runs on the dismissal order, which would be December 30, 2017. Plaintiff's complaint, filed December 11, 2017, is thus timely.