UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA PFAFFLE,<br><br>                Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>                Defendant. | Case No: 2:17-CV-0407-TOR<br><br>ORDER GRANTING DEFENDANT'S (SECOND) MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant BNSF Railway Company's (Second) Motion for Summary Judgment (ECF No. 57). The Court held a hearing on the motion on February 12, 2020. Troy Y. Nelson appeared on behalf of the Plaintiff. Andrew J. Mitchell appeared on behalf of the Defendant. The Court has reviewed the record and files herein, heard from counsel and is fully informed. For the reasons discussed below, the Motion is **granted**.

ORDER GRANTING DEFENDANT'S (SECOND) MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

In deciding, only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). Mere allegations or denials in the pleadings are not enough. *Liberty Lobby*, 477 U.S. at 248. Further, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252. Per Rule 56(c), parties must support assertions by "citing to particular parts of the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

## DISCUSSION

In short, Plaintiff Theresa Pfaffle injured her shoulder when trying to remove a bent spike with a "claw bar" while working for Defendant BNSF Railway Company. ECF No. 58 at 2. Plaintiff subsequently filed this suit, alleging Defendant is liable under the Federal Employer Liability Act. Now, Defendant BNSF Railway Company moves the Court to enter summary judgment in its favor on Plaintiff's claim. Plaintiff opposes the Motion.

In response to mounting concern about the number and severity of railroad employees' injuries, Congress in 1908 enacted FELA to provide a compensation scheme for railroad workplace injuries, pre-empting state tort remedies. *Norfolk Southern Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). FELA provides a statutory cause of action sounding in negligence:

> [E]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. . . .

45 U.S.C. § 51. FELA is distinct from common law tort claims in that it relaxes the evidentiary standard for causation:

> The test of a jury case under the FELA "is simply whether the proofs justify with reason the conclusion that employer negligence played *any part, even the slightest*, in producing the injury . . . for which damages are sought."

*Fulk v. Illinois Cent. R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994) (quoting *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 506 (1957)). "Nevertheless, because the FELA is not a strict liability statute, plaintiffs still must prove the traditional common law elements of negligence, including foreseeability, duty, breach, and causation." *Id.* (citations omitted).

Under FELA, employers have a duty to provide a reasonably safe work site and tools to use:

> The employer's duty to its employees is to use reasonable care and prudence to the end that the place in which they are required to work, and the appliances with which they work, are reasonably suitable and safe for the purpose, and in the circumstances, in which they are to be used. The test is not whether the tools to be used and the place in which the work is to be performed are absolutely safe, nor whether the employer knew the same to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make them safe.

*Atlantic Coast Line R. Co. v. Dixon*, 189 F.2d 525, 527 (5th Cir. 1951). This does not require the employer to provide the safest tool on the market:

> The rule of law is: That the employer is under a duty to exercise ordinary care to supply machinery and appliances reasonably safe and suitable for the use of the employee, but is not required to furnish the latest, best, and safest appliances, or to discard standard appliances upon the discovery of later improvements, provided those in use are reasonably safe and suitable.

*Chicago & N. W. Ry. Co. v. Bower*, 241 U.S. 470, 473–74 (1916). "Certainly[,] the customary practice of an industry is admissible on the score of the absence of negligence." *Hoyt v. Central R. R.*, 243 F.2d 840, 844 (3rd Cir. 1957)

Plaintiff contends "Defendant BNSF breached its duty to Pfaffle by failing to provide a safe work place by (1) not providing Pfaffle with an available mechanical arm or a hydraulic spike puller after she repeatedly asked for these tools" and "(2) placing her in a job that was beyond her physical capacity." ECF No. 63 at 9. Plaintiff does not aver the claw bar was defective. *See* ECF No. 59 at 3. As such, Plaintiff asserts a general claim that use of a claw bar is unreasonably unsafe (necessitating the use of a different tool) and a particularized claim that using the claw bar was not safe for her.

As for the general claim that the claw bar is unreasonably unsafe, other courts that have addressed the issue have found the use of a claw bar for removing spikes does not present an unreasonable risk of harm. In *Miller v. BNSF Railway Company*, 2017 WL 1880603, at * 4 (D.Colo. 2017), the defendant submitted an expert opinion stating the claw bar was reasonably safe. The court determined that the plaintiff failed to introduce "contrary evidence showing the claw bar was unsafe either in general of in [the] specific circumstance" and granted the defendant's motion for summary judgment. In *Maxwell v. CSX Transportation Inc.,* 2015 WL 12862524, at *2 (N.D.Ga. 2015), the court determined plaintiffs had failed to establish the Defendant was negligent in requiring him to use a claw bar, reasoning: "[p]laintiff has presented no evidence that a claw bar, which the crew was forced to use in the absence of the hydraulic device, is an unsafe device when

in good condition and used properly." *See also Edsall v. CSX Transp., Inc.*, 2007 WL 4608788, at *4 (N.D.Ind. 2007) (finding potential FELA claim where the plaintiff was required "to use a claw bar to remove a spike from a new tie in a situation where he had 'terrible' footing and could not square his body to his work").

Here, the Parties do not dispute that claw bars are routinely used for removing spikes in the railroad industry. This is evidence that the claw bar is reasonably safe. Further, Plaintiff concedes the claw bar is made to remove bent spikes and that "it's safe for what it's made for." ECF No. 60-1 at 23. Plaintiff has not provided any evidence to the contrary. While Plaintiff asserts use of a hydraulic machine would reduce the risk of harm, this does not, in itself, create a genuine issue as to the efficacy of the claw bar—while the existence of other tools may bear on whether the decision was reasonable, Plaintiff must ultimately show that it was unreasonable for BNSF to have employees pull spikes with a non-hydraulic spike puller. Plaintiff's bald attestation that using the "claw bar to manually remove spikes is unreasonably dangerous, to [her] at a minimum, based on [her] 20 years of Maintenance of Way experience and observations of the other injuries associated with this task" is not enough to create a genuine issue. *See* ECF No. 65 at 4; *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any

supporting evidence, is insufficient to create a genuine issue of material fact."). As such, Plaintiff's general claim that use of the claw bar is unreasonable fails.

Plaintiff has also failed to demonstrate BNSF was negligent in having her work "a job that was beyond her physical capacity." ECF No. 63 at 9; *see* ECF No. 64 at 3 (Plaintiff "does not believe using the claw bar is safe, at least for her"). Plaintiff admits she received adequate training on how to use the claw bar and was able to use the claw bar without injury numerous times before. ECF No. 60-1 at 13, 17-18. Plaintiff also admits that the Foreman gave a job briefing the day of the injury and that she did not raise any safety concerns at that time. ECF No. 58 at 3; 60-1 at 18. While Plaintiff asserts she requested alternative tools in the past, ECF No. 63 at 4, she does not explain why Defendant should have been otherwise aware she was not fit for the position. Accordingly, Plaintiff's particularized claim also fails.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Summary Judgment (ECF No. 58) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment for Defendant, furnish copies to counsel, and **close** the file.

**DATED** February 12, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S (SECOND) MOTION FOR SUMMARY JUDGMENT ~ 7